IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) Case No. 1:15-CR-293-TSE |
| v. | ) |
| | ) |
| WAYNE SHELBY SIMMONS, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

## GOVERNMENT'S MOTION FOR PERMISSION TO ISSUE A TRIAL SUBPOENA TO GENERAL STANLEY McCHRYSTAL

The United States of America, by and through undersigned counsel, hereby moves the Court for an order granting the government permission to issue a trial subpoena in this case to retired four-star general Stanley McChrystal, and states as follows:

1.  The defendant, Wayne Shelby Simmons, has been charged in a seven-count indictment with various false statements and fraud offenses, and a jury trial has been set for February 23, 2016.

2.  Counts 3, 4, and 5 of the indictment charge the defendant with perpetrating a fraud that resulted in his temporary deployment overseas as an intelligence advisor to senior U.S. military personnel.

3.  That deployment was for a position on the International Security Assistance Force's ("ISAF") Counterinsurgency Advisory and Assistance Team ("CAAT"), based in Kabul, Afghanistan. At the time of the defendant's deployment, General McChrystal served as ISAF commander.

1

4. General McChrystal has been interviewed as part of the government's investigation in this case and has provided relevant information related to the CAAT. In particular, if called as a witness at trial, General McChrystal may provide testimony about CAAT and the roles and requisite qualifications of CAAT members, including contractor positions like that held by the defendant. General McChrystal may also provide testimony relevant to the defendant's false claims that he served in the position of "S-2" on the CAAT and that he has a "personal relationship[ ]" with General McChrystal.

5. Local Criminal Rule 17(D) states:

> Without first obtaining permission of the Court, no subpoena shall issue for the attendance at any hearing, trial, or deposition of (1) the Governor, Lieutenant Governor, or Attorney General of any State; (2) a judge of any Court; (3) the President or Vice-President of the United States; (4) any member of the President's Cabinet; (5) any Ambassador or Consul; or (6) any military officer holding the rank of Admiral or General.

While the rule's references to various senior government civilian officials appears limited to those individuals currently holding such positions, the reference to senior military officers does not appear to be limited to active duty personnel.

6. Based on the foregoing, the government respectfully submits that, as required by Rule 17(D), it has "made a prima facie showing that the testimony of [General McChrystal] is relevant and favorable to the [government's case]," *United States v. Rosen*, No. 1:05-CR-225-TSE, 2006 WL 5029997, at *1 (E.D. Va. Apr. 21, 2006), and requests that the Court enter the government's proposed order permitting the government to issue the requested trial subpoena.

7. The government has conferred with defense counsel, who has indicated that the defendant takes no position with respect to this motion. A hearing on the government's motion, therefore, is unnecessary.

        Respectfully submitted,

        Dana J. Boente
        United States Attorney

By:       /s/
        Paul J. Nathanson
        Assistant United States Attorney
        Eastern District of Virginia
        Counsel for the United States of America
        United States Attorney's Office
        2100 Jamieson Avenue
        Alexandria, VA 22314
        Tel.: (703) 299-3700
        Fax: (703) 299-3981
        Email: Paul.Nathanson@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of December, 2015, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

        Whitney Minter
        Assistant Federal Public Defender

                /s/
        Paul J. Nathanson
        Assistant United States Attorney