IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 1:15-cr-293 |
| ) | Civil Action No. 1:17-cv-88 |
| WAYNE SHELBY SIMMONS ) | |

## ORDER

The matter is before the Court on defendant's 28 U.S.C. § 2255 motion raising claims of ineffective assistance of counsel (Doc. 141). Defendant asserts, among other things, that his counsel, Mr. William B. Cummings, was ineffective for failing to challenge the "admissibility" of evidence seized from defendant's residence—namely, two shotguns that formed the basis for defendant's decision to plead guilty to a criminal information charging him with being a felon in possession of firearms.

The government initially moved for an Order directing defendant's former counsel, Mr. Cummings, to provide the government with information relevant to defendant's § 2255 motion. On February 23, 2017, an Order issued, granting that motion and directing Mr. Cummings to provide the government with any information Mr. Cummings believed to be relevant to defendant's claims of ineffective assistance of counsel. *See United States v. Simmons*, No. 1:15-cr-293 (E.D. Va. Feb. 23, 2017) (Order). The government, however, neither requested nor received information from Mr. Cummings regarding defendant's argument about the "admissibility" of the recovered shotguns.[1]

To be sure, the government correctly contends that defendant waived his right to appeal and that once defendant admitted during his plea colloquy to having possessed the two firearms,

---

[1] In his submission, Mr. Cummings noted that "[t]he government has not requested that counsel provide any information or response concerning this aspect of the 2255 motion." (Doc. 137-3.)

there would have been no basis for defense counsel to have challenged the admissibility of those weapons. But defendant, in his reply brief, appears to have clarified that his argument is (1) that his counsel was ineffective by failing to inform him, *before* he decided to plead guilty, that defendant could have moved to suppress evidence pursuant to the Fourth and Fifth Amendments *instead* of pleading guilty, and (2) that this failure to inform rendered defendant's plea unknowing or involuntary, thereby invalidating his plea agreement and appellate waiver. Because the government has not had an opportunity to respond to defendant's now-clarified argument, it is appropriate to require additional briefing and to authorize Mr. Cummings to provide the government information regarding the decision not to file any motions to suppress.

Accordingly, and for good cause,

It is hereby **ORDERED** that Mr. Cummings may, if he wishes to do so, provide the government any information relevant to defendant's first stated ground for his claim of ineffective assistance of counsel, namely, counsel's alleged failure to move to suppress or inform defendant of potential suppression remedies.

It is hereby **ORDERED** that the government is **DIRECTED** to submit a supplemental brief by 5:00 p.m. Friday, June 16, 2017 addressing defendant's arguments that his counsel provided ineffective assistance by allegedly failing to file motions to suppress or to inform defendant of potential suppression remedies. The government is further **DIRECTED** to provide defendant with any information it obtains from Mr. Cummings and to file any such information as an attachment to its supplemental brief.

It is further **ORDERED** that defendant may, if he wishes to do so, file a supplemental response brief addressing the government's supplemental arguments no later than Friday, June 30, 2017.

The Clerk is directed to send a copy of this Order to defendant and all counsel of record.

Alexandria, Virginia
June 5, 2017

/s/
_____
T. S. Ellis, III
United States District Judge